**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Victor TORRES–NAVA, Defendant–
Appellant.**

No. 05–40765
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM: *

Victor Torres–Nava (Torres) appeals the 48–month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He argues that the district court erred in assessing a 16–level sentencing enhancement for his prior felony conviction for sexual assault of a child under TEX. PENAL CODE § 22.011(a)(2) because the conviction did not constitute a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A).

The argument is without merit. A conviction under § 22.011(a)(2) "meets a common-sense as well as a generic, contemporary definition of statutory rape," and it is thus the equivalent of an enumerated offense which triggers the enhancement. *United States v. Alvarado–Hernandez*, 465 F.3d 188, 189–90 (5th Cir.2006).

Torres also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. His constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Torres properly concedes that his argu-

---

ment is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.